UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| YU CONG LIU, YIXIANG ZHANG, and CAN GEN HAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLMADE INDUSTRIES MFR. N.A. LLC; WELLMADE FLOOR COVERINGS INTERNATIONAL, INC.; ZHU CHEN a/k/a GEORGE CHEN; JIAYI CHEN a/k/a MORGAN CHEN; JIAN JUN LU; AND MING CHEN a/k/a ALLEN CHEN,<br><br>Defendants. | Civil Action No. 4:25-cv-00134-WMR<br><br>Class and Collective Action Complaint<br><br>JURY DEMAND |

## ORDER

Considering the Parties' Civil Local Rules 23.1(C) Joint Statement,

IT IS HEREBY ORDERED that the Parties' request for limitations on communications with putative class members beyond those set forth in N.D. Ga. L.R. 23.1(C)(2) is GRANTED.

The Court orders that:

    1.    Neither the Parties nor the Parties' counsel shall in any way, including through any agents or other intermediaries, communicate with prospective class or collective members in a way that tends to misrepresent

the status, purpose, and effects of the action or of any actual or potential Court order therein, which may create impressions tending without cause to reflect adversely on any Party, any counsel, the Court, or the administration of justice as set forth in N.D. Ga. L.R. 23.1 (C)(3)(b).

2. Defendants shall not contact the named Plaintiffs or any party represented by Plaintiffs' counsel, including through the use of agents or other intermediaries. All such communications shall go through Plaintiffs' counsel.

3. Defendants shall not contact anyone they believe to be putative class or collective members regarding this matter without providing prior notification to Plaintiffs' counsel.

4. Defendants shall not communicate or discuss with anyone they believe to be putative class or collective members, including through the use of agents or other intermediaries, the potential settlement of their claims, their participation or withdrawal from this action, or their dismissal of this action. All such communications shall go through Plaintiffs' counsel.

5. Neither this Order nor N.D. Ga. L.R. 23.1(C)(3)(a) prohibits Plaintiffs' counsel from:

a. entering into retainer agreements that involve the payment of fees and expenses with prospective or actual class member who intend to become a formal party to this action; or

b. responding to inquiries from putative collective members regarding their right to opt into the lawsuit for claims brought under the Fair Labor Standards Act; provide a putative collective member with a Consent to Sue form so that the putative collective member may opt into this action pursuant to 29 U.S.C. § 216(b); and/or file any putative collective member's signed Consent to Sue with the Court.

This 6th day of August, 2025.

*William M. Ray II*
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE