IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| YU CONG LIU, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLMADE INDUSTRIES MFR. N.A., LLC, *et al*.,<br><br>    Defendants. | CIVIL ACTION FILE<br>4:25-cv-00134-WMR |

### ORDER

This matter is before the Court on Plaintiffs Can Gen Han, Yu Cong Liu, and Yixiang Zhang's Unopposed Motion for Order to Toll the Fair Labor Standards Act Limitations Period [Doc. 42] and Defendants Zhu Chen a/k/a George Chen; Jiayi Chen a/k/a Morgan Chen; Ming Chen a/k/a Allen Chen; and Jian Jun Lu's (the "Individual Defendants") Motion to Stay Proceedings [Doc. 24]. After consideration, both Motions are **GRANTED**.

I. **Motion to Toll FLSA**

The Plaintiffs have filed a Motion to Toll the Fair Labor Standards Act Limitations Period as to their claims against the Individual Defendants. The Individual Defendants do not oppose the Motion.

1

Having considered the Motion, and finding good cause to grant same, the Motion is **GRANTED**. The statute of limitations period applicable to future opt-in claimants' FLSA claims against the Individual Defendants will be equitably tolled from December 16, 2025, up to and including the conclusion of the mediation. The mediation will be considered concluded at the earlier of: (a) Judge Cavender reporting to the Bankruptcy Court and the parties that the case did not settle at mediation; (b) execution by the Parties of a settlement agreement; or (c) the Parties' counsel's written agreement that the mediation has concluded.

## II.     Motion to Stay

The Individual Defendants request that this matter be stayed in accordance with 18 U.S.C. § 1595(b)(1). [Doc. 24 at 1]. Alternatively, the Individual Defendants ask the Court to stay this matter based on Wellmade Defendants' bankruptcy proceedings. [*Id*. at 7].

On September 8, 2025, the Court granted a Motion for Extension of Time [Doc. 29] through September 30, 2025, for Plaintiffs to file a response to Defendants' Motion to Stay. [Doc. 30]. On November 21, 2025, the Court granted another Motion for Extension of Time to Respond to Defendants' Motion [Doc. 40]. [Doc. 41]. The Court stated that the deadline for Plaintiffs to respond was "extended through and including twenty-one (21) days following completion of mediation in Wellmade Industries Mfr. N.A., LLC and Wellmade Floor Coverings International,

Inc.'s bankruptcy proceedings OR NO LATER THAN FEBRUARY 1, 2026." [*Id.*]. To date, Plaintiffs have not filed a response to the Individual Defendants' Motion.[1]

"Failure to file a response shall indicate that there is no opposition to the motion." N.D. Ga. LR 7.1(B). Here, Plaintiffs did not respond to the Individual Defendants' Motion to Stay, despite being granted two extensions of time to respond. Accordingly, the Individual Defendant's Motion to Stay [Doc. 24] is due to be granted.

Further, "[a] district court has 'inherent discretionary authority . . . to stay litigation pending the outcome of [a] related proceeding in another forum." *Edgewater House Condominium Ass'n v. City of Fort Lauderdale, Fla.*, 825 F. App'x 658, 665 (11th Cir. 2020). This includes "the discretion to stay civil proceedings pending resolution of criminal matters . . . if the interests of justice so require." *Rogers v. City of Atlanta*, 214 F. Supp. 3d 1314, 1319 (N.D. Ga. 2016) (citations omitted).

Here, because the criminal proceedings against three of the four Individual Defendants arise out of the same occurrence as Plaintiffs' allegations in this civil case, the Court finds order a stay appropriate. *See* [Doc. 24-2 at 2–4]; *see also* 18

---

[1] Plaintiffs acknowledge this deadline in their Motion to Toll the FLSA Claims. *See* [Doc. 42 ¶ 5] ("The Court twice has granted the Parties' motions to extend the Individual Defendants' time to file responsive pleadings and the Plaintiffs' time to respond to the Stay Motion. [Docs. 33 and 41]. The latter order stayed the deadlines for Plaintiffs to respond to the Stay Motion until twenty-one days after completion of the mediation or no later than February 1, 2026. [Doc. 41].").

3

U.S.C. § 1595(b)(1) (requiring a civil action, arising from this code section, to be stayed "until final adjudication in the [criminal] trial court" if there are ongoing "criminal actions arising out of the same occurrence in which the [Plaintiffs claim to be] the victim."). Therefore, consistent with 18 U.S.C. § 1595(b)(1) and to protect the Individual Defendants' Fifth Amendment constitutional rights, this matter is stayed in its entirety until the conclusion of the related pending criminal proceedings.

**IT IS SO ORDERED** this 4th day of February, 2026.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE